UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY RASMUSSEN,

    Movant,

v().                                    File No. 1:14-CV-139

                                    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
                                            /

**OPINION**

This matter is before the Court on Movant Jeremy Rasmussen's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (ECF No. 1). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that if it plainly appears from the face of the § 2255 motion, exhibits and prior proceedings that the petitioner is not entitled to relief, the judge must dismiss the motion. Because upon initial consideration of this motion it plainly appears that Movant is not entitled to relief the government was not ordered to file a response to this motion. For the reasons that follow, the Court denies the § 2255 motion and issues this Opinion, Final Order, and Judgment. *See* Rules Governing § 2255 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

**I.**

On January 12, 2012, Movant was indicted by a federal grand jury on five counts: 1) Felon in Possession of a Firearm; 2) Possession of a Firearm with an Obliterated Serial Number; 3) Distribution of Marijuana; 4) Felon in Possession of Ammunition; and 5) Distribution of Marijuana. (Indictment 1–5, No. 1:12-CR-11, ECF No. 1.) On March 6, 2012, Movant pleaded guilty to

Count 2 of the indictment. (Plea Agreement 2, No. 1:12-CR-11, ECF No. 17.)

In the plea agreement, Movant knowingly and voluntarily waived the right to any affirmative defense, as well as the right to appeal the sentence or the manner in which it was imposed, based on 18 U.S.C. § 3742 or any other grounds, "unless the sentence was above the guideline range determined by the Court at sentencing." (*Id.* at 4–5, 7–8.) Additionally, Movant knowingly and voluntarily waived the right to collaterally attack the sentence and the manner in which it was determined, except to challenge the validity of the waiver. (*Id.* at 5, 7–8.) Movant acknowledged that the plea and the waivers of appeal and collateral attack were in exchange for the dismissal of Counts 1, 3, 4, and 5 of the indictment. (*Id.* at 2, 5.)

On July 27, 2012, the Court sentenced Movant to fifty-one months imprisonment, the bottom of the fifty-one to sixty month guideline range. (J. 2, No. 1:12-CR-11, ECF No. 39.) On August 13, 2012, Movant filed a notice of appeal. (Notice of Appeal, No. 1:12-CR-11, ECF No. 40.) On November 13, 2012, the Sixth Circuit Court of Appeals dismissed the appeal as untimely. (Order 2–3, No. 1:12-CR-11, ECF No. 41.) On February 13, 2014, Movant timely filed this § 2255 motion. (Mot. 1, ECF No. 1.)

## II.

A prisoner who moves to "vacate, set aside, or correct" a sentence under 28 U.S.C. § 2255 must establish that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must establish "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea

or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir.2003)). If the alleged error is non-constitutional, the movant must establish the existence of a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (internal quotation marks omitted) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

Through a plea agreement, "a defendant may waive any right . . ., including a constitutional right, if the waiver is made knowingly and voluntarily." *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001). The Sixth Circuit has held that such a waiver of a movant's right to directly appeal or collaterally attack his sentence is generally enforceable. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). It is important to distinguish motions that present claims which the movant "has validly agreed" not to pursue through appeal or collateral attack, from those that present claims which "go to the very validity of a guilty plea." *In re Acosta*, 480 F.3d at 422.

To allow a defendant to attempt to claim that the agreement is something different from what it appears, unambiguously, on a thorough record would violate established contract law standards. *Ramos v. Rogers*, 170 F.3d 560, 563 (6th Cir. 1999) (citing *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). However, waiver of collateral attack may be unenforceable "in cases where a movant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel" because "it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself." *In re Acosta*, 480 F.3d at 423.

Generally, claims not presented on appeal are procedurally defaulted under § 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, claims of constitutionally ineffective assistance of counsel are an exception to this rule and may be raised for the first time in a § 2255 motion. *Id.* at 504–05. Ineffective assistance of counsel claims "are more properly available in a post-conviction proceeding under 28 U.S.C. § 2255, after the parties have had the opportunity to develop an adequate record on the issue from which the reviewing court is capable of arriving at an informed decision." *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) (quoting *United States v. Rahal*, 191 F.3d 642, 645 (6th Cir.1999)).

When ineffective assistance of counsel allegations are raised in the context of a plea process, the two-pronged analysis from *Strickland* closely resembles the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *see also United States v. Wynn*, 663 F.3d 847, 851 (6th Cir. 2011). The first prong of *Strickland* remains virtually the same. *Hill*, 474 U.S. at 58. The second prong—the "prejudice" requirement—focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 59. A movant must show a reasonable probability that, but for counsel's errors, he "would have insisted on going to trial." *Id*. Further, prejudice cannot be shown absent "any statement that [the movant] is actually innocent, or would have gone to trial if his attorney's performance had been different." *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998).

A bare assertion that a movant is actually innocent or would have gone to trial is not a talisman that forecloses further inquiry into the movant's ineffective assistance claim. *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). To demonstrate that he would have insisted on

4

going to trial, Movant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 359, 372 (2010).

A plea of guilty is a rational decision if such is entered voluntarily and intelligently, *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005), as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749 (1970). The government bears the burden of showing that the defendant's plea was voluntary, intelligent, and knowing. *Stumpf v. Mitchell*, 367 F.3d 594, 600 (6th Cir. 2004), *vacated in part on other grounds by Bradshaw v. Stumpf*, 545 U.S. 175 (2005). This burden is "generally satisfie[d] . . . by producing a transcript of the plea proceeding." *Id.* To enter a knowing plea, the defendant must understand the true nature of the charge against him. *Id.* at 608.

The Court will grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing will be granted if the movant's "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778 782 (6th Cir. 1999)). Where the trial judge also presides over the § 2255 proceedings, the judge may use his memory of the trial when ruling on the § 2255 motion. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). "Defendants seeking to set aside their sentences pursuant to . . . § 2255 have the burden of sustaining their contentions by a preponderance of the evidence." *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)).

### III.

Movant alleges that his trial counsel, Mr. John Targowski, provided constitutionally ineffective assistance of counsel by: 1) failing to timely file an appeal; 2) failing to assert a Tenth Amendment defense; and 3) failing to move for dismissal of the indictment based on 18 U.S.C. § 3161.

Movant has made no claim that he is actually innocent, that his guilty plea was made unknowingly or involuntarily, or that he would have insisted on going to trial. Movant understood the nature of the crime to which he pleaded, as well as the possible penalties associated with it. (Plea Agreement 1–2, No. 1:12-CR-11, ECF No. 17.) Movant signed the plea agreement under the following paragraph

> I have read this Agreement and carefully discussed every part of it with my attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this Agreement. No promises or inducements have been made to me other than those contained in this Agreement. No one has threatened or forced me in any way to enter into this Agreement. *Finally, I am satisfied with the representation of my attorney in this matter.*

(*Id.* at 8 (emphasis added).) Movant voluntarily and intelligently entered the guilty plea and therefore such decision was rational.

Even if Movant could establish that the plea was not entered voluntarily, he would need to establish that Mr. Targowski's ineffective assistance affected the outcome of the plea process. Movant's first argument, that Mr. Targowski was constitutionally ineffective for failing to timely file an appeal, is entirely baseless because Movant waived the right to appeal the sentence and the manner in which it was imposed based on any grounds whatsoever, including based on 18 U.S.C. § 3742. (*Id.* at 4–5.) Mr. Targowski's failure to file a timely appeal did not prejudice Movant because any such appeal had already been waived.

6

Movant next argues that Mr. Targowski provided constitutionally ineffective assistance of counsel by not presenting an affirmative defense, based on the Tenth Amendment, that the state had the right to try Movant before the federal government. (Mot. 5, ECF No. 1.) The Supreme Court has held there is no constitutional violation where the federal government, then subsequently the state, prosecutes a defendant based on the same facts. *See Bartkus v. Illinois*, 359 U.S. 121, 122, 137 (1959) (collecting cases); *see also Martin v. Rose*, 481 F.2d 658 (6th Cir. 1973) (applying *Bartkus* to hold that defendant could be prosecuted by the state on charges substantially similar to those defendant was acquitted of in federal court); *United States v. Clark*, 254 F. App'x 528 (6th Cir. 2007) (acknowledging the holding in *Bartkus* and holding "the dual sovereignty doctrine holds that the double jeopardy clause does not apply to suits by separate sovereigns, even if both are criminal suits for the same offense") (quoting *United States v. Louisville Edible Oil Prods., Inc.*, 926 F.2d 584, 587 (6th Cir. 1991)) (internal quotations omitted). The argument asserting that the Court should have dismissed the federal indictment in order for the state to prosecute Movant is clearly contradicted by Supreme Court and Sixth Circuit precedent and therefore Movant was not prejudiced by Mr. Targowski's failure to present it.

Movant also alleges that Mr. Targowski provided constitutionally ineffective assistance of counsel by failing to move for dismissal of the indictment based on a violation of the Speedy Trial Act, 18 U.S.C. § 3161 (2008). (Mot. 6–7, ECF No. 1.) Movant incorrectly states that the Speedy Trial Act requires an indictment to be filed within thirty to sixty days after knowledge is acquired that a specific crime has occurred. (*Id.* at 7.) 18 U.S.C. § 3161 says, in relevant part, "[a]ny . . . indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with

such charges." 18 U.S.C. § 3161(b). In the instant case the indictment was filed January 12, 2012, (Indictment No. 1:12-CR-11, ECF No. 1), and Movant was arrested February 9, 2012. (Arrest Warrant, No. 1:12-CR-11, ECF No. 5.) There was no violation of 18 U.S.C. § 3161(b) and thus Movant was not prejudiced by Mr. Targowski's failure to move for a dismissal of the indictment based on a violation of the Speedy Trial Act.

Movant has not established that going to trial would have been a rational decision, that but for constitutionally ineffective assistance of counsel he would have insisted on going to trial, and that he was prejudiced by the alleged constitutionally ineffective assistance of counsel. Therefore Movant is entitled to no relief under § 2255.

## IV.

Having determined that Movant's arguments do not merit granting the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him, this Court must also determine whether to issue a certificate of appealability on these constitutional claims. *See Castro v. United States*, 310 F.3d 900, 901–03 (6th Cir. 2002).

A certificate of appealability should issue if the movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, a district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined Movant's arguments under the *Slack* standard.

To warrant a grant of the certificate, "the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of Movant's argument debatable or wrong. Therefore, the Court denies Movant a certificate of appealability as to each issue presented.

**V.**

For the foregoing reasons, the Court denies Movant's § 2255 motion and denies a certificate of appealability as to each issue raised.

The Court will issue a Final Order and Judgment consistent with this opinion.


Dated: July 24, 2014                                         /s/ Robert Holmes Bell
                                                                                       ROBERT HOLMES BELL
                                                                                       UNITED STATES DISTRICT JUDGE